OPINION
{¶ 1} Defendant-appellant Brent E. Kasmer [hereinafter appellant] appeals from his conviction and sentence in the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted by the Muskingum County Grand Jury on November 15, 2001, on one count of trafficking drugs, a felony of the fourth degree, in violation of R.C. 2925.03(C)(4)(c), one count of possession of drugs (cocaine), a felony of the third degree, in violation of R.C. 2925.11(A), one count of possession of drugs (ecstasy), a felony of the third degree, in violation of R.C. 2925.11(A), one count of possession of drugs (marijuana), a felony of the fifth degree, in violation of R.C. 2925.11(A), and one count of possession of drugs (oxycontin), a felony of the fourth degree, in violation of R.C.2925.11(A). The charges arose while appellant was a 23 year old junior at Muskingum College where appellant was pursuing a Bachelor Degree despite the fact that he is legally blind.
 {¶ 3} On July 16, 2002, appellant pled guilty to all five counts of the indictment. After a brief colloquy between the trial court and appellant, the trial court accepted appellant's pleas. The trial court proceeded to find appellant guilty and set the matter for a sentencing hearing.
 {¶ 4} Sentencing was conducted on September 30, 2002. Appellant was sentenced by the trial court to a mandatory four years of imprisonment on the count of possession of cocaine with a $5,000.00 mandatory fine, four years of imprisonment on the count of possession of ecstacy with a $5,000.00 mandatory fine, 18 months of imprisonment on the count of trafficking in drugs and 11 months of imprisonment each on the counts of possession of marijuana and possession of oxycontin. All sentences were to run concurrently.
 {¶ 5} It is from this conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 6} "The Trial Court Erred To The Prejudice Of Appellant By Accepting Guilty Pleas Which Were Not Voluntarily And Intelligently Made Because Appellant Was Not Informed Of His `boykin Rights' And His Rights Pursuant To Crim. R. 11(C)."
 {¶ 7} In the sole assignment of error, appellant contends that the trial court erred to the prejudice of appellant when it accepted guilty pleas from appellant when appellant had not been informed of his "Boykin" rights and rights pursuant to Crim. R. 11. We find that we agree with appellant.
 {¶ 8} Criminal Rule 11(C) provides the following:
 {¶ 9} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 13} Appellant also cites this court to Boykin v. Alabama
(1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed2d 274. In Boykin, the United States Supreme Court considered the actions that a court must take before accepting a guilty plea. The Court concluded that it was error for the trial judge to accept a guilty plea without an affirmative showing that the plea was voluntary and intelligent. Generally, compliance with Criminal Rule 11(C) is sufficient to comply with Boykin. However, the exact language of Crim. R. 11(C) must not necessarily be employed. Rather, a review of the record must demonstrate that the trial court explained or referred to the right in a manner reasonably intelligible to the defendant. State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. Further, if the requirement is a constitutional requirement, compliance must be strict, but if the requirement is not constitutional and is simply a Crim. R. 11 requirement, substantial compliance is sufficient.Ballard, 66 Ohio St.2d at 476.
 {¶ 14} Here, appellant contends that the trial court failed to inform appellant of his constitutional right against self-incrimination or that the State has the burden to prove his guilt beyond a reasonable doubt. Further, appellant argues that the trial court failed to comply with Crim. R. 11(C) and inform appellant of 1) the nature of the charges against him, 2) appellant's ineligibility for probation or community control sanctions, 3) that once the pleas were entered the trial court could proceed to judgment and sentencing and 4) that appellant's plea constituted an admission.
 {¶ 15} A review of the record confirms that these omissions occurred. However, the State argues that once the written waiver signed by appellant is considered, the trial court substantially complied with Crim. R. 11. We disagree. As stated in this court's decision in State v.Toney (Nov. 6, 2000), Licking App. No. 00-CA-00045, "it is clear the Criminal Rules envision a dialogue between the trial court and the accused. The court should satisfy itself the accused understands the charges, his rights, the procedures and potential penalties." In Toney,
this court cited a series of cases in which various courts held that a written waiver was not a substitute for a dialog nor sufficient to meet the requirements.
 {¶ 16} As such, upon review of the record in this case, we find that the trial court failed to orally inform appellant of all of his rights or to comply with Crim. R. 11(C).
 {¶ 17} Appellant's assignment of error is sustained. Accordingly, we reverse and vacate the conviction and sentence. We remand the cause for further proceedings in accordance with law and consistent with this opinion.
Farmer, P.J. and Boggins, J. concur.